NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re:  UBER TECHNOLOGIES, INC.,**
*Petitioner*

---

2021-150

---

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00843-ADA, Judge Alan D. Albright.

---

**ON PETITION**

---

Before LOURIE, DYK, and REYNA, *Circuit Judges.*

DYK, *Circuit Judge.*

## O R D E R

In this patent infringement case brought by Ikorongo Technology LLC and Ikorongo Texas LLC (collectively, "Ikorongo"), the United States District Court for the Western District of Texas denied Uber Technologies, Inc.'s motion to transfer to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a). Uber seeks a writ of mandamus directing transfer.

In its order denying transfer, the district court determined that Uber had failed to establish that this action "might have been brought" originally in Northern

California as required under section 1404(a).  Specifically, the district court found that the California forum would not be a proper venue under 28 U.S.C. § 1400(b) over Ikorongo Texas's claims, which were limited to its geographic rights under the asserted patents to certain counties in Texas.  In doing so, the district court rejected Uber's argument that Ikorongo Texas's recent formation and acquisition of those specified rights from Ikorongo Tech (which shares offices in Northern California and the same ownership and management team as Ikorongo Texas) should be disregarded as mere tactics to avoid transfer.  In the alternative, the district court found that Uber had failed to show the Northern District of California was clearly more convenient for trial.

We recently granted mandamus to direct the Western District of Texas to transfer to the Northern District of California two other actions of Ikorongo asserting infringement of two of the same patents against different defendants.  *See In re Samsung Electronics Co.*, Nos. 2021-139, -140, ___ F.4th __, 2021 WL 2672136 (Fed. Cir. June 30, 2021).  *Samsung* rejected the district court's determination that Ikorongo's actions could not have been brought in the transferee venue.  *Samsung* observed that "the presence of Ikorongo Texas is plainly recent, ephemeral, and artificial" and "the sort of maneuver in anticipation of litigation that has been routinely rejected" by the Supreme Court and this court in related contexts.  2021 WL 2672136, at *5–6.  As a result, this court in *Samsung* held that it did not need to "consider separately Ikorongo Texas's geographically bounded claims" for purposes of assessing whether the Northern District of California had venue over the case under section 1400(b).  *Id.*

The district court itself recognized "that the issues present here are identical to those" in Ikorongo's other cases.  Appx6.  As in *Samsung*, the Western District of Texas erred in this case in concluding that Uber had failed to satisfy the threshold requirement for transfer of venue.

The district court's analysis of the traditional public and private factors in this case is also virtually the same to its analysis in the cases in *Samsung*. As in this case, *Samsung* involved cases where the accused technology was researched, designed, and developed in the Northern District of California and the defendants identified several party and non-party witnesses, including two inventors, as residing in the Northern District of California, while no party identified a single witness as residing in or close to the Western District of Texas. Here, Uber is headquartered in the Northern District of California and below submitted a declaration identifying over a dozen witnesses residing in the transferee venue that were linked to the development of the accused technology. *See* Appx161–63.

In *Samsung*, we rejected the district court's conclusion that the willing witness factor weighed only slightly in favor of transfer. *See* 2021 WL 2672136, at *6. We explained that the court had erroneously diminished the relative convenience of the Northern District of California by: (1) giving little weight to the presence of identified party witnesses in the Northern District of California despite no witness being identified in or near the Western District of Texas and (2) simply presuming that few, if any, party and non-party identified witnesses will likely testify at trial despite the defendants' submitting evidence and argument to the contrary. *Id.* At the same time, *Samsung* rejected the district court's view that there was a strong public interest in retaining the case in the district based on Ikorongo's other pending infringement action against Bumble Trading, LLC. Because "the Bumble case involves an entirely different underlying application," we explained, it was unlikely the cases would result in inconsistent judgments. *Id.* *Samsung*, moreover, explained that multidistrict litigation procedures could efficiently resolve overlapping invalidity or infringement issues. *Id.* Accordingly, we said that "the incremental gains in keeping these cases in the Western

District of Texas simply are not sufficient to justify overriding the inconvenience to the parties and witnesses." *Id.*

*Samsung* bolstered that conclusion by finding that other public interest considerations favored transfer. Specifically, we rejected the district court's conclusion that the local interest factor was neutral despite the district court itself recognizing that the underlying accused functionality was researched, designed, and developed in the transferee venue. *Id.* at *7. We concluded that the district court had erred in minimizing that local interest in relying merely on the fact that Ikorongo Texas's claims specifically related to infringement in the Western District of Texas. *Id.* Those infringement allegations, we explained, gave plaintiffs' chosen forum no more of a local interest than the Northern District of California or any other venue. *Id.*

In this case, we see no basis for a disposition different from the ones reached in *Samsung*. The district court here relied on the same improper grounds as in *Samsung* to diminish the clear convenience of the Northern District of California. The reasons for not finding judicial economy considerations to override the clear convenience of the transferee venue also apply with even more force here. Though the district court in this case relied on the co-pending case against Lyft, Inc. as well as Bumble, both of those litigations involve entirely different underlying functionality and the Samsung Electronics Co., Ltd. et al. and LG Electronics Inc. et al. litigations have now been directed to be transferred to Northern California. In addition, the district court clearly erred in negating the transferee venue's strong local interest by relying merely on the fact that plaintiffs alleged infringement in the Western District of Texas.

Accordingly,

IN RE: UBER TECHNOLOGIES, INC.                                              5

IT IS ORDERED THAT:

The petition for a writ of mandamus is granted.  The district court's May 26, 2021 order denying transfer is vacated, and the district court is directed to grant Uber's motion to the extent that the case is transferred to the United States District Court for the Northern District of California under 28 U.S.C. § 1404(a).

FOR THE COURT

July 08, 2021                    /s/ Peter R. Marksteiner
    Date                         Peter R. Marksteiner
                                 Clerk of Court

s25